CHARLES AVANT v. STATE OF MISSISSIPPI.

[40 South. Rep., 483.]

1. CRIMINAL LAW. *Murder. Verdict. Sentence.*

A death sentence in a murder case should not be predicated of a verdict finding the defendant guilty as charged, but begging the mercy of the court in his behalf.

2. SAME. *Cloud on verdict. Removing.*

While the legal effect of a verdict in these words, "We, the jury, find the defendant guilty as charged and beg the mercy of the court," is to impose the death sentence, yet the court should require the jury to. remove the cloud from the finding and make their meaning plain.

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Avant, the appellant, was indicted, tried and convicted of the murder of one Jackson Simmons and was sentenced to be hanged, from which judgment and sentence he appealed to the supreme court. The facts pertinent to the only question decided are stated in the opinion of the court.

*G. W. Lindsey,* and *W. J. East,* for appellant.

The verdict of the jury is void, because it does not state whether the penalty shall be death or imprisonment for life, as directed by the state's instructions as to the form of their verdict. Code 1892, § 1439.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is idle to complain of the verdict of the jury and the action of the court thereon in the light of *Penn* v. *State,* 62 Miss., 450.

Argued orally by *W. J. East,* for the appellant, and by *R. V. Fletcher,* assistant attorney-general, for the appellee.

CALHOON, J., delivered the opinion of the court.

The verdict in this murder case is: "We, the jury, find the defendant guilty as charged and beg the mercy of the court." The court did nothing and said nothing, but pronounced the sentence of death.    In the light of authority no verdict of guilty with such a petition for mercy, and the court silent, can be sustained, however horrible the case may be:    In *Smith* v. *State,* 75 Miss., 558 (23 South. Rep., 265), the court said: "Of course, the legal effect of the verdict in this case in the words used is by legal construction death.    But the words employed in a verdict are the mere vehicles for conveying the jury's will; and where there are words in the verdict raising an 'apparent cloud' as to what the actual intent and finding of the jury is, the court, whether asked or not, should 'dispel that cloud' and have the jury make plain their meaning.    And the court, of course, had the amplest power to do this, and if necessary to send them back to the jury room to render a clear and unambiguous verdict; and most especially should this ample power be exercised in a capital case."

*We can only pronounce the law, and this case must be reversed and remanded.*